IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>        Petitioner,<br><br>vs.<br><br>TOM BARR,<br><br>        Respondent. | **8:20CV81**<br><br>**MEMORANDUM AND ORDER** |
| MARVEL JONES,<br><br>        Petitioner,<br><br>vs.<br><br>SHERI DAWSON, and MARK LABOUCHANOIERE,<br><br>        Respondents. | **8:20CV275**<br><br>**MEMORANDUM AND ORDER** |

In each of the above-captioned cases, Petitioner Marvel Jones has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In each case, Petitioner challenges his civil commitment by the Mental Health Board of Lancaster County and seeks release from his present confinement in the Norfolk Regional Center.

A review of the petitions clearly indicates that the above cases arise out of the same state court judgment[1] and should not proceed as separate cases. Consequently, I will consolidate the two cases for all purposes as set forth below.

---

[1] The petition in Case No. 8:20CV81 challenges the August 21, 2018 judgment of the mental health board, while the petition in Case No. 8:20CV275 purports to challenge the judgment of the Madison County District Court denying Petitioner's state habeas

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Case No. 8:20CV81 and Case No. 8:20CV275 shall be in all respects consolidated. Case No. 8:20CV81 shall be designated the lead case and all future filings shall be made in that case.

2. Neither case shall be terminated for statistical or other purposes until a final judgment is entered in case 8:20CV81.

3. The court shall consider the petitions filed in both cases when conducting initial review of the consolidated cases.

Dated this 8th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

corpus action. (*Compare* Filing 1 at CM/ECF p. 1, Case No. 8:20CV81 *with* Filing 1 at CM/ECF p. 1, Case No. 8:20CV275.) However, the claims raised in both petitions clearly seek to attack Petitioner's civil commitment and, therefore, are properly considered in one action. The Madison County District Court proceedings do not constitute a separate judgment of conviction but rather represent a State remedy utilized by Petitioner to exhaust his claims. *See* 28 U.S.C. § 2254.