IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Petitioner,<br><br> vs.<br><br>TOM BARR,<br><br>    Respondent. | **8:20CV81**<br><br><br>**MEMORANDUM AND ORDER** |
| MARVEL JONES,<br><br>    Petitioner,<br><br> vs.<br><br>SHERI  DAWSON, and MARK<br>LABOUCHANOIERE,<br><br>    Respondents. | **8:20CV275**<br><br><br>**MEMORANDUM AND ORDER** |

   This matter is before the court on preliminary review of Petitioner Marvel Jones' Petition for Writ of Habeas Corpus (filing 1, Case No. 8:20CV81; filing 1, Case No. 8:20CV275)[1] brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims[2] are:

---

   [1] For purposes of initial review, the Petition for Writ of Habeas Corpus includes the petitions filed in Case No. 8:20CV81 and Case No. 8:20CV275 (collectively the "petition").

   [2] For reference of the parties, the court will cite to the pages of the petition from which it construed each of Petitioner's claims.

Claim One:      The Lancaster County Board of Mental Health ("mental health board") lacked subject matter jurisdiction to enter a civil commitment order against Petitioner because (1) the August 30, 1996 criminal citation and complaint was not filed in the state county or district court pursuant to Neb. Rev. Stat. § 29-423 (Reissue 2016), and (2) the criminal information filed against him on September 3, 1996, was not filed 24 hours prior to his arraignment as required by Neb. Rev. Stat. § 29-424 (Reissue 2016). (Filing 1 at CM/ECF pp. 5, 7, 16, 18, Case No. 8:20CV81; Filing 1 at CM/ECF pp. 7, 8, 16, Case No. 8:20CV275.)

Claim Two:      The mental health board used inadmissible and insufficient evidence to find Petitioner a dangerous sex offender, including evidence of a prior criminal conviction more than 10 years old and an evaluation that was not timely completed prior to Petitioner's release from prison. (Filing 1 at CM/ECF pp. 8, 10, 16, 18, Case No. 8:20CV81.)

Claim Three:      The county attorney failed to investigate the evidence prior to filing a petition with the mental health board. (Filing 1 at CM/ECF p. 17, Case No. 8:20CV81.)

Claim Four:      Petitioner was denied effective assistance of counsel because his appointed counsel had a conflict of interest and failed to raise the following issues before the mental health board, the state district court, and the appellate courts: (1) subject matter jurisdiction; (2) inadmissible evidence; (3) insufficient evidence; (4) the county attorney's failure to investigate the evidence; (5) the

2

mental health board used inadmissible and insufficient evidence against Petitioner; and (6) the county attorney used inadmissible and insufficient evidence against Petitioner. (*Id.*)

The court determines that these claims,[3] when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Respondents should be mindful of, and respond to if necessary, Petitioner's allegations that he is "actually innocent, factual[ly] innocent, and legal[ly] innocent."[4] (Filing 1 at CM/ECF p. 16, Case No. 8:20CV275.)

Petitioner also requests the appointment of counsel. (Filing 4, Case No. 8:20CV81; Filing 4, Case No. 8:20CV275.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754,

---

[3] The petition also alleges claims that the Madison County District Court erred in denying Petitioner relief and failing to appoint him counsel in his state court habeas proceedings and that the appellate courts erred in overlooking Petitioner's claims in his supplemental briefs. (Filing 1 at CM/ECF p. 18, Case No. 8:20CV81; Filing 1 at CM/ECF pp. 5, 10, 16, Case No. 8:20CV275.) The court finds that these claims are not cognizable either because they assert only errors of state law or errors in postconviction proceedings. *See Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632 (D. Neb. 2006) (Errors during state postconviction review are not cognizable in a federal habeas corpus action.); Bryan R. Means, *Federal Habeas Manual* § 1:44 (West 2020) ("Federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))). Accordingly, these claims are dismissed.

[4] While Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)).

3

756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition (filing 1, Case No. 8:20CV81; filing 1, Case No. 8:20CV275), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     By **February 25, 2021**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 25, 2021**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3.     If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A.     The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion.

Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The

5

documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A.    By **February 25, 2021**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide

6

Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.   No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 29, 2021**: check for Respondents' answer and separate brief.

5.   No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6.   Petitioner's motion for the appointment of counsel (filing 4, Case No. 8:20CV81; filing 4, Case No. 8:20CV275) is denied without prejudice to reassertion.

7

Dated this 11th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge